UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAGEO HALL, | No. 2:20-cv-1701 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3       II.       Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

7  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11      III.    Complaint

12          Plaintiff alleges that his rights under the Fourth, Eighth, and Fourteenth Amendments

13  were violated by defendants Macomber, Mohr, Smith, Valine, Bales, and Ortega.  Specifically, he

14  alleges that defendants Mohr and Ortega escorted him to a holding cage, and upon arrival at the

15  holding cage they slammed him face first into the floor.  (ECF No. 1 at 4.)  Mohr and Ortega,

16  along with several other unidentified correctional officers, proceeded to pin plaintiff to the ground

17  and, while plaintiff was restrained, Mohr punched him repeatedly in the face and head and then

18  yelled that plaintiff had assaulted him.  (Id.)  During the assault, defendant Smith allegedly failed

19  to intervene and instead ordered staff to put leg restraints on plaintiff and then cut off plaintiff's

20  clothes in order to perform a strip search.  (Id. at 5.)  Defendant Valine assisted by holding

21  plaintiff's legs as he was being stripped.  (Id.)  After plaintiff had been stripped, Smith and other

22  officers began laughing and making disrespectful comments about plaintiff.  (Id.)  Plaintiff

23  alleges that the strip search was unreasonable because he had already been searched twice and its

24  only purpose was to embarrass him and violate his bodily privacy.  (Id.)  Finally, plaintiff alleges

25  that Valine acted as the investigator for an RVR he received as a result of the assault, which is not

26  allowed under policy because Valine was involved with the incident.  (Id. at 6.)  He claims that

27  Valine lied about the existence of video footage from the incident and when plaintiff received his

28  paperwork it was falsified to say that defendant Bales was the investigator and that plaintiff had

3

1    not made any objections or requested any witnesses.  (Id.)

2          IV.    Claims for Which a Response Will Be Required

3                 A. Excessive Force

4          "The Constitution does not mandate comfortable prisons, but neither does it permit

5    inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

6    citation omitted).  "[A] prison official violates the Eighth Amendment only when two

7    requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious, a

8    prison official's act or omission must result in the denial of the minimal civilized measure of

9    life's necessities." Id. at 834 (internal quotation marks and citations omitted).  Second, the prison

10   official must subjectively have a sufficiently culpable state of mind, "one of deliberate

11   indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).  The

12   official is not liable under the Eighth Amendment unless he "knows of and disregards an

13   excessive risk to inmate health or safety; the official must both be aware of facts from which the

14   inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

15   inference." Id. at 837.  Then he must fail to take reasonable measures to abate the substantial risk

16   of serious harm.  Id. at 847.  Mere negligent failure to protect an inmate from harm is not

17   actionable under § 1983.  Id. at 835.

18         Furthermore, "[i]n its prohibition of 'cruel and unusual punishments,' the Eighth

19   Amendment [also] places restraints on prison officials, who may not . . . use excessive physical

20   force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1

21   (1992)).  "[W]henever prison officials stand accused of using excessive physical force in

22   violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in

23   a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

24   harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

25         Plaintiff's allegations that defendants Mohr and Ortega used excessive force when they

26   slammed his face into the floor and Mohr repeatedly punched plaintiff while he was restrained are

27   sufficient to state claims for relief and will require a response.

28   ////

                                                    4

1

    B.  <u>Failure to Protect</u>

2

    "Prison officials have a duty to take reasonable steps to protect inmates from physical

3

abuse." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250 (9th Cir. 1982) (citation omitted), <u>abrogated on

4

other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  To establish a violation of this duty,

5

the prisoner must establish that prison officials were deliberately indifferent to serious threats to

6

the inmate's safety.  <u>Farmer</u>, 511 U.S.at 834 (citations omitted).  In order to succeed on this

7

claim, plaintiff must show that "the official [knew] of and disregard[ed] an excessive risk to

8

inmate health or safety; the official must both be aware of facts from which the inference could be

9

drawn that a substantial risk of serious harm exist[ed], and [the official] must also draw the

10

inference." <u>Id.</u> at 837.  That is, to state a claim for Eighth Amendment failure to protect, plaintiff

11

must plead facts demonstrating that defendant acted knew of and disregarded an excessive risk to

12

his health or safety.

13

    Plaintiff has alleged facts showing that defendants Ortega, Smith, and Valine were present

14

while defendant Mohr assaulted him and failed to intervene.  Accordingly, he has sufficiently

15

stated a claim for failure to protect against these defendants.

16

    C.  <u>Unreasonable Strip Search</u>

17

    The Fourth Amendment protects against unreasonable searches, and that right is not lost

18

to convicted inmates.  <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1524 (9th Cir. 1993).  However,

19

"incarcerated prisoners retain a <em>limited</em> right to bodily privacy." <u>Michenfelder v. Sumner</u>, 860

20

F.2d 328, 333 (9th Cir. 1988) (emphasis added).

21

    A detention facility's strip-search policy is analyzed using the test for reasonableness

22

outlined in <u>Bell v. Wolfish</u>, as "[t]he Fourth Amendment prohibits only unreasonable searches."

23

<u>Bull v. City and County of San Francisco</u>, 595 F.3d 964, 971-72 (9th Cir. 2010) (alteration in

24

original) (internal quotation marks omitted) (quoting <u>Bell</u>, 441 U.S. at 558).  Under <u>Bell</u>, the court

25

must balance "the need for the particular search against the invasion of personal rights that the

26

search entails." <u>Bell</u>, 441 U.S. at 559.  In order to do so, courts must consider "the scope of the

27

particular intrusion, the manner in which it is conducted, the justification for initiating it, and the

28

place in which it is conducted." <u>Id.</u>

1    Strip searches that are limited to "visual inspection," even if "invasive and embarrassing,"

2    can be resolved in favor of the institution.  Bull, 595 F.3d at 975 (holding that visual strip

3    searches that are held in a "professional manner and in a place that afforded privacy" and done to

4    prevent the smuggling of contraband did not violate Fourth Amendment).  However, any searches

5    done for the purpose of harassment are not constitutionally valid—the Supreme Court has held

6    that "intentional harassment of even the most hardened criminals cannot be tolerated" by the

7    Fourth Amendment's protections.  Hudson v. Palmer, 468 U.S. 517, 528 (1984).

8        In this case, plaintiff alleges that the strip search he endured at the hands of Smith and

9    Valine was conducted solely for the purpose of harassment and was unreasonable.  In light of the

10   allegations that defendant Smith and other officers stood around him and made disrespectful

11   remarks after he was stripped and that he had already been searched twice, once after leaving his

12   housing unit and again after being cuffed at the beginning of the escort, plaintiff has sufficiently

13   stated a claim against these defendants.

14       V.    Failure to State a Claim

15           A.  Personal Involvement

16       There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

17   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

18   362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and

19   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

20   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

21       Although plaintiff names Warden Macomber as a defendant, he does not make any

22   allegations against him and appears to name Macomber solely based on his position as warden.

23   This is not sufficient to state a claim for relief and Macomber should be dismissed from the

24   complaint.  Plaintiff also fails to make any claims of personal involvement by defendant Bales.

25   Although he claims that her name was on the RVR as the investigator, there is no indication that

26   Bales had anything to do with the alleged falsification or was even aware of it.  Accordingly, any

27   claims against Bales should also be dismissed.

28   ////

6

B. Due Process

In Claim Three, it appears that plaintiff may also be attempting to allege that defendant Valine denied him due process in relation to a disciplinary proceeding. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). An inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) at least twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564-65 (citation and internal quotation marks omitted); (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

There is no indication that plaintiff lost good-time credits as a result of his disciplinary conviction, and therefore no indication that he was entitled to the due process outlined in Wolff. However, even if he was entitled to such process, there is no requirement that he be provided an investigator who was not involved in the incident. While Valine acting as investigator may have violated department policy, it is not a constitutional violation. Furthermore, although plaintiff claims that Valine lied about the existence of video footage, it is not clear whether the video was excluded from the disciplinary hearing or plaintiff was simply not given the opportunity to view the video.

VI.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Macomber and Bales or for a violation of plaintiff's due process rights. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

////

7

Plaintiff may proceed forthwith to serve defendants Mohr, Ortega, Smith, and Valine on his excessive force, failure to protect, and unreasonable search claims, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his claims against defendants Mohr, Ortega, Smith, and Valine without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendants Macomber and Bales and of the due process claim against defendant Valine.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

8

1  sufficiently alleged.

2      VII.   Plain Language Summary of this Order for a Pro Se Litigant

3          Your request to proceed in forma pauperis is granted and you are not required to pay the

4  entire filing fee immediately.

5          Some of the allegations in the complaint state claims against the defendants and some do

6  not.  Your excessive force, failure to protect, and unreasonable search claims against defendants

7  Mohr, Ortega, Smith, and Valine will require a response from those defendants.

8          Your allegations against defendants Macomber and Bales do not state claims because you

9  have not explained what they did or did not do.  Your due process claim against defendant Valine

10 is being dismissed because you have not shown that you lost good-time credits or that Valine

11 denied you due process as part of the disciplinary hearing.

12         You have a choice to make.  You may either (1) proceed immediately on your excessive

13 force, failure to protect, and unreasonable search claims against defendants Mohr, Ortega, Smith,

14 and Valine and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you

15 want to go forward without amending the complaint, you will be voluntarily dismissing without

16 prejudice all of your claims against defendants Macomber and Bales and your due process claim

17 against Valine.  If you choose to amend your complaint, the amended complaint must include all

18 of the claims you want to make, including the ones that have already been found to state a claim

19 because the court will not look at the claims or information in the original complaint.  **Any claims**

20 **not in the amended complaint will not be considered.**  You must complete the attached

21 notification showing what you want to do and return it to the court.  Once the court receives the

22 notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint

23 or wait for defendants to be served).

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

26         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

27 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

28 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

9

1  Director of the California Department of Corrections and Rehabilitation filed concurrently

2  herewith.

3      3.  Plaintiff's claims against defendants Macomber and Bales and his due process claim

4  against defendant Valine do not state claims for which relief can be granted.

5      4.  Plaintiff has the option to proceed immediately on his excessive force, failure to

6  protect, and unreasonable search claims against defendants Mohr, Ortega, Smith, and Valine as

7  set forth in Section IV above, or to amend the complaint.

8      5.  Within fourteen days of service of this order, plaintiff shall complete and return the

9  attached form notifying the court whether he wants to proceed on the screened complaint or

10 whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

11 will assume that he is choosing to proceed on the complaint as screened and will recommend

12 dismissal without prejudice of all the claims against defendants Macomber and Bales and the due

13 process claims against defendant Valine.

14 Dated:  January 5, 2021

15

16                                        CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE
17

18  13:hall1701.14.option

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DEMAGEO HALL,                          No.  2:20-cv-1701 CKD P

11              Plaintiff,

12         v.                               PLAINTIFF'S NOTICE ON HOW TO
                                            PROCEED
13   JEFF MACOMBER, et al.,

14              Defendants.

15

16        Check one:

17   _____ Plaintiff wants to proceed immediately on his excessive force, failure to protect, and

18         unreasonable search claims against defendants Mohr, Ortega, Smith, and Valine without

19         amending the complaint.  Plaintiff understands that by going forward without amending

20         the complaint he is voluntarily dismissing without prejudice all of his claims against

21         defendants Macomber and Bales and his due process claims against defendant Valine

22         pursuant to Federal Rule of Civil Procedure 41(a).

23

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                          _____
                                            Demageo Hall
28                                          Plaintiff pro se